## Philadelphia, Trustee, *v.* Weaver et al., Appellants.

*Landlord and tenant—Opening judgment—Discretion of court.*

The Supreme Court will not reverse an order of the common pleas refusing to open a judgment for rent entered on a warrant of attorney in a lease, where the evidence of the two defendants that plaintiff's agent had accepted a surrender of the term before the rent in question had accrued is denied by the agent, and is further contradicted by a letter of the defendants acknowledging their liability, and by a payment of rent after the alleged surrender.

Argued Jan. 11, 1893. Appeal, No. 110, July T., 1892, by defendants, Francis D. Weaver and John G. MacElroy, from order of C. P. No. 4, Phila. Co., March T., 1892, No. 1095, refusing to open a judgment in favor of plaintiff as trustee under will of Stephen Girard. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Rule to open judgment for rent entered on warrant of attorney in lease.

From the record and testimony it appeared that, on May 26, 1892, judgment was entered against defendants for rent under a warrant of attorney in a lease. On a rule to open the judgment both defendants testified that, on April 1, 1891, plaintiff's agent, S. S Cavin, Esq., agreed to accept a surrender of the term under the lease, which expired on April 15, 1891, and to give a new lease for two or three months. Mr. Cavin denied this. Plaintiff claimed that defendants' testimony was contradicted by the fact that three months' rent was paid after the expiration of the original term, and also by the following letter, signed by both defendants:

"PHILADELPHIA, May 30, 1891.
" CHAIRMAN BOARD OF CITY TRUSTS.

" Dear Sir : The undersigned were lessors of 134 South Third street, rooms 4 and 5, and their lease will not expire for nearly a year. They would respectfully ask that your board would relieve them from the lease, as they were connected with a short term order whose supreme office was at this address, which order is now out of business. Personally they are not able to pay the rent, and have no business which they could use the office for. While the order was in business the rent was paid by it, and not by the lessors."

Rule to open judgment discharged.

*Error assigned* was above order of court.

*S. Morris Waln,* for appellant.—Defendants produced the positive testimony of two witnesses that nothing was due ; plaintiff, of only one.

*Francis E. Brewster, F. Carroll Brewster* with him, for appellee.—A judgment will not be opened where the testimony of the plaintiff and of the defendant counterbalance each other : Zaring v. Earley, 2 Pearson, 352 ; Wells v. Wayman, 1 Lack. L. R. 485 ; Fuhrman v. Fuhrman, 13 L. Bar, 123 ; Wilson v. Flynn, 1 Kulp, 47 ; Philbin v. Davinger, 29 Leg. Int. 325 Wilson v. Leinbach, 6 W. N. 484 ; Earley's Ap., 90 Pa. 321 ; Sand's Ap., 37 Leg. Int. 158 ; Wernet's Ap., 91 Pa. 322.

PER CURIAM, January 23, 1893 :

We find nothing in this record to satisfy us that the refusal of the court below to open the judgment was an abuse of discretion.

Judgment affirmed.